# UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | |
|---|---|
| ISMAEL KONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:20-cv-01080-TC-ADM |
| | ) |
| NANCY S. TATE and | ) |
| CRETE CARRIER CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OUT OF TIME**

Defendants Nancy S. Tate and Crete Carrier Corporation, in accordance with the Court's instructions at the March 5, 2021 pretrial teleconference, move the Court to allow them to depose Ryan Fulcher and/or Craig Dempsey after the discovery deadline. In support of their Motion, Defendants provide the Court with the following background information:

1. Under the Scheduling Order and any amendments, all fact witness discovery was to be completed by December 18, 2020 (Doc. 17), and expert depositions were to be completed by February 26, 2021 (Doc. 55).

2. The main issue in this case is Kone's alleged damages, including the reasonableness of the costs of his medical treatment.

3. On February 22, 2021, by agreement of the parties, defense counsel deposed Kone's treating orthopedic surgeon Dr. Samuel Hess. Dr. Hess is a physician at iRISE Spine and Joint (f/k/a Florida Joint and Spine), where he has an ownership

interest. (**Ex. 1**, Dr. Samuel Hess Dep., 10:10-11:1, 11:16-13:17, Feb. 22, 2021.) During his deposition, Dr. Hess was questioned regarding the reasonableness of the costs associated with the medical treatment he rendered, the billing practices of the facility for which he works, the percentage of patients treated who are involved in litigation, and iRISE's business dealings with another of Kone's medical providers, 4-1-1 Pain. (**Ex. 1**, Dr. Hess Dep. at 14:3-12, 26:5-11.) Dr. Hess testified that he does not have information regarding these matters, and he referred defense counsel to Ryan Fulcher, the Chief Executive Officer of iRISE. (**Ex. 1**, Dr. Hess Dep. at 14:13-24, 26:12-20.)

4. Based on plaintiff's counsel's recent representation, it is Defendants understanding that Craig Dempsey is iRISE's Compliance Director and would have significant knowledge regarding its billing policies and procedures.

5. Defendants seek to depose Fulcher and Dempsey regarding how iRISE counsels tort plaintiffs regarding submitting their claims to their private health insurer, if tort plaintiffs are specifically instructed to not mitigate their damages by submitting their bills to their health insurer, and the percentage of iRISE's practice that is comprised of tort plaintiffs. Defendants also seek information regarding Dr. Hess's potential bias based on his financial interest in iRISE. This information is relevant to the reasonableness and necessity of Kone's medical treatment and expenses. See (**Ex. 2**, Hall v. Kang (W.D. Okla. Dec. 20, 2017)) (order denying plaintiffs' motion to quash deposition subpoena to medical facility seeking information regarding billing practices). Additionally, this information is directly

related to the opinions rendered by Defendants' expert Dr. Thomas Craven regarding the necessity and reasonableness of Kone's medical treatment and costs.

6. Defendants deposing Fulcher and Dempsey after the discovery deadline does not prejudice Kone. Trial in this matter is set for November 2, 2021—235 days from today. The briefing schedule in this matter is also not affected by deposing these two witnesses, because neither party intends on moving for summary judgment on any issue, and both men are lay witnesses; therefore, the *Daubert* motion deadline is unaffected. Additionally, Defendants seek to depose Fulcher and Dempsey as soon as possible to avoid any additional delays. Defendants could not have deposed Fulcher or Dempsey before the discovery deadline because they did not know their identities until Dr. Hess's deposition.

7. Counsel for the parties conferred on this matter, and Kone objects to the depositions.

## Request for Relief

For the above-stated reasons and having shown good case, Defendants Nancy Tate and Crete Carrier Corporation respectfully request the Court grant them leave to depose necessary fact witnesses Ryan Fulcher and Craig Dempsey within 30 days of the Court entering its order.

*Respectfully submitted*,

/s/ Paul J. Skolaut
_____
J. Philip Davidson, Kan. Bar No. 14642
Paul J. Skolaut, Kan. Bar No. 22143
HINKLE LAW FIRM LLC
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206
(316) 660-6220-t   (316) 264-1556-f
jskolaut@hinklaw.com
**-and-**
Dan K. Jones, OBA # 16940
Mehry Taremi, OBA # 31726
MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC
500 N.W. 6th Street, Suite 300
Oklahoma City, Oklahoma 73102
(405) 896-4388-t   (405) 239-2575-f
djones@mjjaw.com
mtaremi@mjjaw.com
***Attorneys for Defendants***


-5-

# CERTIFICATE OF SERVICE

I certify that on March 12, 2021, 2020 a true and correct copy of Defendants' Motion for Leave to Take Depositions Out of Time was sent via
☐ Email
☒ ECF System
☐ Facsimile
☐ USPS, First Class
☐ USPS, Certified, Return Receipt Requested
☐ USPS, Certified, Return Receipt (Electronic)
☐ USPS, Certified, Restricted Delivery
to the following:

Patrick Turner, Esq.
Richard W. James, Esq.
DeVaughn James Injury Lawyers
3241 N. Toben
Wichita, Kansas 67226
pturner@devaughnjames.com
rjames@devaughnjames.com
**-and-**
Robert M. Graff, Esq.
Wald, Gonzalez & Graff, pa
One Biscayne Tower, Suite 3599
Two South Biscayne Boulevard
Miami, Florida 33131
rmg@wgglaw.net
*Attorneys for Plaintiff*

/s/ Paul J. Skolaut