**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

JENNIFER HALL, *et al.*,             )
                                      )
       Plaintiffs,          )
                                      )
vs.                                   )      NO. CIV-16-1101-HE
                                      )
CHANG SOO KANG, *et al.*,             )
                                      )
       Defendants.          )

## ORDER

Plaintiffs have filed a motion to quash defendant's notice of subpoena to Community Hospital, to which defendants have responded. Plaintiffs argue that Oklahoma's collateral source rule acts to bar defendants' subpoena. Pursuant to the collateral source rule, evidence that an injured party has received compensation from a collateral source wholly independent of the defendant is not admissible. Lee v. Bueno, 381 P.3d 736, 750 (Okla. 2016); Blythe v. University of Oklahoma, 82 P.3d 1021, 1026 (Okla.2003). "Substantive" state rules of evidence, including the collateral source rule, will be followed in diversity actions in federal courts. Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998).

But information properly within the "scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the cases." *Id.* As such, the collateral source rule alone does not provide a basis for granting plaintiff's motion.

**Exhibit 2**
20-cv-1080-TC-ADM

Plaintiffs also argue that the information sought is outside the scope of admissible medical evidence as defined by 12 Okla. Stat. § 3009.1. But again, just because the information sought by defendants may not be admissible does not necessarily make it undiscoverable.

Finally, plaintiffs argue that defendants "may attempt to suggest that the deposition notice . . . is an effort to determine the reasonableness and necessity of Ms. Hall's medical bills." Doc. #77, p. 7. They acknowledge that the topic is a legitimate one for discovery, but contend that defendants' notice is "not targeted at the necessity of Ms. Hall's medical expenses." *Id.* The court is unpersuaded. Defendants seek information that may go to the reasonableness of and necessity of the Ms. Hall's medical expenses and, as such, is properly within the scope of discovery.

Accordingly, plaintiffs' Motion to Quash [Doc. #77] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE