## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA, KANSAS

ISMAEL KONE,

      Plaintiff,

v.

NANCY S. TATE and CRETE
CARRIER CORPORATION,

      Defendant.

Case No: 20-CV-1080-JAR-ADM

## PLAINTIFF'S MOTION TO STRIKE / RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OUT OF TIME

Plaintiff, ISMAEL KONE, by and through undersigned counsel, files this Motion to Strike / Response to Defendants, NANCY S. TATE and CRETE CARRIER CORPORATION's, Motion for Leave to take Depositions out of time (Doc. 59).  In support thereof, Plaintiff provides the following.

Today, March 12, 2021, Defendants filed their Rule 26 Supplemental Disclosures adding Ryan Fulcher, CEO of iRise and Craig Dempsey, Compliance Director of iRise as new witnesses related to the reasonableness of Plaintiff's medical expenses.  Defendants also are requesting leave to take these individuals' depositions.  These witnesses should be stricken as untimely, and their depositions should not be permitted.

Defendants have been in possession of Mr. Kone's medical records and bills even prior to the lawsuit being filed a year ago.  Moreover, the medical records and bills were produced again in a timely manner during the course of discovery almost a year ago.  Nevertheless, despite asking

for and obtaining three extensions to This Court's discovery deadlines, and despite full cooperation by Plaintiff and Plaintiff's counsel throughout the entire discovery process, Defendants made zero efforts to obtain the names of individuals with knowledge related to Mr. Kone's medical bills until now.  Again, despite asking for and obtaining three extensions to discovery deadlines, and despite full cooperation by Plaintiff and Plaintiff's counsel throughout the entire discovery process, Defendants made zero efforts to set the depositions of any individuals with knowledge related to Mr. Kone's medical bills.

In fact, Defendants chose to wait until the eve of the final discovery deadline (after three extensions) to take the deposition of Mr. Kone's surgeon, Dr. Samuel Hess.  Now, Defendants are relying on Dr. Hess' testimony to take untimely depositions.  Moreover, no allegations are made by Defendants in their Motion that Plaintiff, Plaintiff's counsel, or anyone for that matter, has caused Defendants delay in obtaining the identity of said witnesses.  Likewise, Defendants have offered no explanation whatsoever as to why these witnesses were not identified by them before their first extension, before their second extension, before their third extension, or before now – their fourth request to ultimately extend the discovery deadlines.

Defendants have no basis for their fourth extension beyond discovery deadlines.  No requests were ever made to Plaintiff, or to any non-party for that matter, asking to identify the names of individuals with knowledge related to Mr. Kone's bills.  No motions to compel have been filed, because no requests for information were ever made.  Discovery was supposed to be closed three extensions ago, and Defendants had more than reasonable opportunities to identify (and depose) these witnesses in a timely manner.

Moreover, Defendants' expert witness, Dr. Thomas Craven, has already prepared his final report and offered is his final opinions in deposition regarding the reasonableness of Plaintiff's

medical expenses.  He further testified that he has reviewed all of the materials and information he will review in this matter.  Defendants are trying to re-open a door that is closed, and Plaintiff would be severely prejudiced if this untimely discovery was permitted to occur.  Plaintiff prepared his case, decided on which experts to retain, and took depositions based on the evidence.  Allowing Defendants to take additional untimely discovery and generate new evidence would undermine Plaintiff's case and would undermine the purpose of discovery deadlines altogether.  Discovery deadlines need to count to serve their purpose, and a fourth extension in this case, without any justification whatsoever, should be stricken / denied.

WHEREFORE, for the foregoing reasons, Plaintiff requests that Defendants' motion be stricken / denied.

Respectfully Submitted,

DEVAUGHN JAMES INJURY LAWYERS
/s/ Patrick Turner
Patrick A. Turner, #23437
Richard W. James #19822
Attorney for Plaintiff
3241 N. Toben
Wichita, Kansas 67226
(316) 977-9999
(316) 425-0414 facsimile
pturner@devaughnjames.com
rjames@devaughnjames.com

WALD, GONZALEZ & GRAFF, P.A.
 /s/ Robert M. Graff
Robert M. Graff, FL Bar # 121193
Attorneys for Plaintiff - Admitted Pro Hac Vice
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
Phone: (305) 577-7778
Fax: (305) 577-9757
Rmgpleadings@wgglaw.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:   none.

By:  /s/ Patrick Turner
Patrick Turner, #23437
*Attorneys for Plaintiff*
