IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREAS KONE,

    Plaintiff,

    v.

NANCY S. TATE and CRETE CARRIER CORPORATION,

    Defendants.

Case No. 20-1080-TC-ADM

## MEMORANDUM AND ORDER

This case arises out of a motor vehicle accident that occurred one morning in the parking lot of the Flying J Travel Center in Emporia, Kansas. Defendant Nancy S. Tate ("Tate") was driving a semi-tractor-trailer through the Flying J parking lot when it struck plaintiff Andreas Kone's ("Kone") semi-tractor, which was stationary. Tate was acting within the course and scope of her employment with Crete Carrier Corporation ("Crete"). Defendants do not dispute liability, but they do dispute the nature and extent of Kone's injuries as well as the reasonableness of his medical expenses. *See generally* Pretrial Order (ECF 64).

This matter now comes before the court on two competing motions: (1) Defendants' Motion for Leave to Take Depositions Out of Time, and (2) Plaintiff's Motion to Strike. (ECF 59 & 60.) Fact discovery closed on December 18, 2020. Defendants now seek leave to belatedly depose two fact witnesses. Kone opposes the belated depositions and moves to strike these two witnesses from Defendants' supplemental Rule 26(a) disclosures. As explained below, the court denies Defendants' motion and grants Kone's motion to strike. Defendants had ample time and opportunity to complete this discovery during the six-month regular discovery period.

**I.   BACKGROUND**

Kone filed this case more than a year ago on March 24, 2020. The parties were free to begin discovery at least as early as June 16. (ECF 14, at 1 (establishing a June 16 deadline for the Rule 26(f) conference).) *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery to commence after the Rule 26(f) conference). On July 7, the court convened a scheduling conference and entered a scheduling order. (ECF 17.) The scheduling order set deadlines for Kone's expert disclosures on August 7, Defendants' expert disclosures on October 9, and rebuttal expert disclosures on November 13. The scheduling order also set a discovery deadline of December 18. This gave the parties more than six months to complete discovery.

Defendants did not serve their first set of written discovery until September 2. (ECF 23.) In October and November, Defendants repeatedly requested extensions of their expert disclosure deadline, which the court granted as unopposed. (ECF 40 & 44.) With the extensions, Defendants' expert disclosure deadline was extended to December 7, and the deadline for rebuttal experts was extended to December 18, which was the same day as the close of discovery. Because of this timing, the court also extended the deadline to complete expert discovery to January 4, 2021, so that the parties would have time to complete expert depositions.

On December 7, eleven days before the close of fact discovery, Defendants requested more time. Their third motion for an extension of time requested a ninety-day extension of remaining deadlines, primarily on the grounds that Defendants were still trying to obtain discovery from third parties to obtain Kone's complete medical records. (ECF 46.) On December 11, the court held a hearing on the motion and denied it without prejudice to refiling largely because Defendants had not shown good cause for the requested extension and because the proposed extension was not narrowly tailored. (ECF 50.) The court specifically cautioned

Defendants that, if they refiled their motion, they would need to articulate their diligence in attempting to obtain the medical records they claimed were still outstanding. (ECF 55, at 2.)

Defendants filed a renewed motion seeking an approximately sixty-day extension of the schedule. (ECF 51.) The court found that Defendants had not shown good cause for the requested extension because they did establish that they acted diligently throughout the discovery period in attempting to obtain those medical records. (ECF 55, at 2-3.) The court pointed out that Defendants' renewed motion only addressed the actions they took from September 30 on, but not their diligence before then. It was unknown then and still remains largely unknown what actions Defendants took to obtain these medical records during the first nearly three and one-half months of discovery from June 16 through September 30.

Nonetheless, the court granted Defendants' renewed motion in part because this case had by that time been reassigned to U.S. District Judge Toby Crouse. As a result, the court had to impose a new trial date and relating briefing deadlines according to Judge Crouse's scheduling practices. (ECF 55, at 4-5.) The court therefore granted certain limited extensions to expert-related deadlines. Specifically, the court extended the deadlines for Defendants' and rebuttal expert disclosures to February 7 and 18, respectively, and ordered the parties to complete expert depositions by February 26. But the court denied Defendants' motion for a wholesale sixty-day extension of the fact discovery deadline. (*Id.* at 6 (noting Defendants' "vague and generalized explanation does not establish good cause for an overall extension of the discovery deadline at least because it lacks specificity").) The court encouraged the parties to meet and confer about whether they could reach agreement as to targeted fact depositions after the discovery deadline and, if not, to contact the undersigned's chambers to request a discovery conference.

3

The court heard nothing further from the parties until they submitted their draft pretrial order on February 26. In that draft, Defendants raised the issue that they sought to take one additional fact witness deposition of Ryan Fulcher, and that they intended to amend their Rule 26(a) initial disclosures to identify Fulcher. At the final pretrial conference, Defendants agreed to serve their supplemental disclosures by March 12, and the court set a briefing schedule for the parties to file cross motions for Defendants to seek leave to take Fulcher's deposition out of time and Kone's motion to strike Fulcher from the untimely supplemental disclosures.

On March 12, Defendants served their amended Rule 26(a) disclosures adding two witnesses associated with iRISE Spine and Joint a/k/a Florida Spine and Joint Institute ("iRISE"): (1) iRISE's CEO Fulcher, and (2) Craig Dempsey, whom Defendants identify as iRISE's compliance director. (ECF 63-1, at 1.) Defendants do not specifically explain their addition of Dempsey other than to say that they listed him based on Kone's "recent representation" that he would "have significant knowledge regarding [iRISE's] billing policies and procedures." (ECF 59, at 2.) Defendants now move for leave to take Fulcher and Dempsey's depositions, and Kone moves to strike Fulcher and Dempsey from Defendant's supplemental Rule 26(a) disclosures.

## II. DEFENDANTS' MOTION FOR LEAVE TO DEPOSE FULCHER AND DEMPSEY AFTER THE DISCOVERY DEADLINE (ECF 59)

Defendants attempt to justify these belated depositions by tying it to their deposition of one of Kone's treating physicians Dr. Samuel J. Hess, who Kone designated as a non-retained expert. Hess is a practicing orthopedic surgeon and minority owner of iRISE. Kone's expert disclosures disclosed Hess as testifying about the nature, extent, and cause of Kone's injuries; Kone's reasonable past and future medical treatment; and (as Defendants emphasize) "the reasonableness of medical expenses in the past and to be incurred in the future." Defendants

4

deposed Hess on February 22, and they now contend that he was unable to answer certain questions about the reasonableness of the costs of the medical treatment rendered—instead referring these types of questions to iRISE CEO Fulcher.

### A. Legal Standard

Because the fact discovery period closed on December 18, 2020, the court construes Defendants' motion as a motion to amend the scheduling order to reopen discovery for the limited purpose of deposing Fulcher and Dempsey. A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Rule 16(b)(4) good-cause standard requires the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that parties seeking to amend their complaints after the scheduling order deadline must satisfy both the Rule 16(b)(4) good-cause standard and the Rule 15 standard for amendments to the pleadings); *see also* FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Testone*, 942 F.3d at 988. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

In exercising that discretion on a motion to reopen discovery, the court considers six factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) the prejudice to the

non-moving party, (4) whether the moving party diligently attempted to obtain discovery before the deadline passed, (5) the foreseeability of the need for additional discovery, and (6) the likelihood that the discovery will lead to relevant evidence.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  The court does not apply the *Smith* factors in a manner that would lessen Rule 16(b)(4)'s good-cause requirement.  *See Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *4 (D. Kan. Feb. 13, 2018) (finding the magistrate judge appropriately applied Rule 16(b)(4)'s good-cause standard even though the Tenth Circuit established a four-factor test for motions for leave to add experts and noting that the Tenth Circuit does not require the court to apply the test absent a finding of good cause under Rule 16(b)(4)); *cf. Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 440–41 (D.N.M. 2015) (concluding the *Smith* factors "trump the general good-cause standard, *i.e.*, *Smith* directs district courts how 'good cause' is to be assessed in the specific context of reopening discovery, and the Court should not, thus, conduct a separate good-cause analysis on top of the *Smith* analysis").  This is because it would make little sense for a party moving to extend a discovery deadline to face a greater burden than a party moving to reopen discovery once it had closed.  Rather, the moving party's diligence—the fourth *Smith* factor and the crux of a good-cause determination—remains the most important factor.  *See Testone*, 942 F.3d at 988 (diligence is the most important consideration in determining whether to extend a scheduling order deadline); *see also Little*, 2018 WL 836292, at *4 (moving party's diligence remains the primary inquiry).

### B. Lack of Diligence

Defendants have not established that they could not have obtained the information they now seek during the regular discovery period despite diligent efforts.  They attempt to tie their request for additional depositions to Hess's inability to answer certain questions during his

6

deposition, which Defendants try to characterize as within the scope of Hess's expert designation—namely, regarding the reasonableness of the costs of the medical treatment rendered. However, the only deposition questions Defendants have identified that Hess could not answer and instead directed counsel to Fulcher are outside the scope of Kone's expert designation regarding the reasonableness of Kone's medical expenses. Specifically, the following excerpts relate to the facility's billing practices, the percentage of patients involved in litigation, and iRISE's connections to the 411 Pain referral service:

> Q: All right. How many referrals do you receive from 411 Pain?
>
> A: I -- I don't receive any referrals from 411 Pain. And, that I'm aware of, the practice doesn't either. Now, again, I—I limit my involvement in the practice to the care and treatment of patients, but I would defer to the CEO who could answer those sorts of questions. His name is Ryan Fulcher.
>
> ***
>
> Q: Do you know what percentage of surgeries you perform weekly or monthly that are related to car accidents?
>
> A: I do not.
>
> Q: Do you know what percentage of surgeries you perform involve people in litigation?
>
> A: I do not.
>
> Q: Is there somebody there at Florida Joint and Spine that would have that information?
>
> A: I honestly don't know if that information is something that's kept, but the person to ask would be, again, the CEO, Ryan Fulcher.

(ECF 59-1, at 14:13-20; 26:5-16.)

Rule 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." A party is required to disclose experts when the anticipated testimony is expert in nature, not factual. *See Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013). A treating physician presents special issues in that he is both "a percipient witness of the treatment he rendered" but may also offer expert testimony extending beyond information made known to him during treatment, which is why Kone disclosed Hess as a non-retained expert as to certain issues. *See Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (discussing circuit approaches to treating physicians' testimony). But the questions Hess could not answer did not go to any expert opinion for which Kone disclosed Hess. In fact, they did not even go to Kone's reasonable medical expenses. Rather, the questions Hess could not answer concerned a patient-referral service and the number of other patients involved in car accidents or litigation. Defendants had no basis to believe that Hess's anticipated expert testimony concerning the reasonableness of Kone's medical expenses would somehow encompass comprehensive testimony about iRISE's business and billing practices or the makeup of its patient pool. These are not questions Hess was answering in his capacity as an expert. Rather, any percipient witness with knowledge could provide that information.

If Defendants sought to elicit testimony on these subjects, they could have and should have taken a FED. R. CIV. P. 30(b)(6) deposition of iRISE during the regular discovery period, which closed on December 18. Tying Defendants' request for additional fact-witness depositions to Hess's deposition testimony is a backdoor attempt at more fact discovery that was precluded by the court's prior ruling denying their request for an extension of the discovery deadline. The court denied the prior motion based on lack of diligence and makes the same

finding here. Defendants had ample opportunity to take discovery regarding iRISE's business and billing practices during the regular discovery period, and they have not established they could not do so despite diligent efforts.

Defendant's description of the topics they seek to cover with Fulcher and Dempsey confirm that they seek additional fact discovery, not discovery concerning any expert opinion on which Hess was unprepared to testify. Specifically, they state that they seek to depose Fulcher and Dempsey "regarding how iRISE counsels tort plaintiffs regarding submitting their claims to their private health insurer, if tort plaintiffs are specifically instructed to not mitigate their damages by submitting their bills to their health insurer, and the percentage of iRISE's practice that is comprised of tort plaintiffs" and Hess's financial interest in the practice. (ECF 59, at 3.) Again, if Defendants sought this type of comprehensive information about the practice, they should have taken the Rule 30(b)(6) deposition of iRISE during the regular discovery period, which closed on December 18 because Defendants did not establish that they were diligent during that period. (ECF 55, at 2-3.)

This conclusion is still true. Defendants offer no explanation as to why they could not discover information about iRISE's business and billing practices during the regular discovery period. Rather, they state that they could not possibly have deposed Fulcher or Dempsey prior to the discovery deadline because they did not know their identities until Hess's deposition.[1] But Defendants did not need to know these individuals' identities to take a Rule 30(b)(6) deposition of iRISE. But even if they did, Defendants again offer no explanation about the steps they took during the regular discovery period to obtain the names of individuals at iRISE with knowledge

---

[1] Even this seems inaccurate. In another portion of Defendants' brief, they state that Kone's counsel identified Dempsey, presumably after the March 5 final pretrial conference, because Defendants did not raise the issue of Dempsey's deposition at that time.

about that subject matter or to depose those individuals. Defendants again mention that a pandemic, mail delays, and uncooperative nonparties hindered their ability to timely obtain necessary discovery regarding Kone's medical conditions. But Defendants do not tie these generalized complaints to any particular discovery delay and certainly do not specify how these delays hampered their ability to obtain the information they now seek. The court previously rejected many of these same unspecific arguments when it denied Defendants' request for an additional two months of discovery. (ECF 55.) The court reaches the same conclusion here. Because Defendants have not shown good cause under Rule 16(b)(4) or diligence under *Smith*, their motion is denied.

### B. Other Factors

On balance, the remainder of the *Smith* factors also weigh against granting the motion. Although trial is not imminent and the depositions could lead to relevant evidence, Kone opposes the request and explains that he would be prejudiced because additional fact discovery bearing on reasonable medical expenses could impact his own expert's report. Kone also contends that, while he was initially agreeable to Defendants' repeated requested extensions, Kone has timely prepared his case, decided which experts to retain, and taken depositions based on the evidence. He argues that allowing Defendants to take additional discovery despite their lack of diligence would undermine the purpose of a discovery deadline altogether. The court agrees. Additionally, the request for this discovery appears reasonably foreseeable insofar Defendants apparently knew that they wanted to obtain information about iRISE's business and billing practices, had no reasonable basis for believing that Hess could provide such comprehensive information on the topics, and do not state any steps that they took to obtain this information

during the regular discovery period. For these reasons, the court also denies the motion under the remaining *Smith* factors.

### III. KONE'S MOTION TO STRIKE FULCHER AND DEMPSEY FROM DEFENDANTS' SUPPLEMENTAL DISCLOSURES (ECF 60)

The court turns, then, to Kone's motion to strike Fulcher and Dempsey from Defendants' supplemental Rule 26(a) disclosures. A party must disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). A party must supplement its Rule 26(a) disclosures and other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." FED. R. CIV. P. 26(e)(1). Furthermore, the scheduling order requires all parties to serve Rule 26(e)(1) supplementations forty days before the discovery deadline so as to "identify all witnesses and exhibits that probably or even might be used at trial." (ECF 31, at 4.) The purpose of this supplementation is to enable the opposing party to determine what, if any, additional discovery it needs to complete before the close of discovery. (*See id.*)

As a sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), the party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The court has discretion to determine when a Rule 26(a) or (e) violation is substantially justified or harmless. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). In making this determination, the court

considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum*, 873 F.3d at 1200. The party facing sanctions under Rule 37(c)(1) bears the burden to show substantial justification or harmlessness. *See Eldridge v. Gordon Bros. Grp., L.L.C.*, 863 F.3d 66, 85 (1st Cir. 2017); *Estate of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *4 (D. Kan. Apr. 1, 2016) (same).

No party has addressed the legal standard for a motion to strike or made any particularized arguments bearing on any of the above factors. Ultimately, it is Defendants' burden to show substantial justification or harmlessness, and they have not done so. The court grants Kone's motion for this reason and separately notes that the court would be unlikely to find substantial justification or harmlessness for at least some of the same reasons discussed above.[2]

## IV. CONCLUSION

The court denies Defendants' motion for leave to reopen discovery for the limited purpose of taking the depositions of Fulcher and Dempsey. Defendants have not shown good cause for an extension of the scheduling order's discovery deadline for this limited purpose, and

---

[2] Defendants' response to Kone's motion to strike was filed a day late—specifically, it was due by March 17, but Defendants filed it on March 18 without any explanation. (ECF 58 & 64.) The court generally does not consider untimely briefs absent a showing of excusable neglect. *See Hadd v. Aetna Life Ins. Co.*, No. 217CV02533HLTKGG, 2019 WL 7504840, at *1 (D. Kan. June 18, 2019) ("[A] district court may, in its discretion, consider an untimely filing where the failure to timely act was the result of excusable neglect."); *see also* FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); D. KAN. RULE 6.1(a)(4) (accord). However, Kone also complicated matters by both moving to strike and responding to Defendants' motion for leave to take depositions in the same filing. This is not what the court ordered when it directed separate motions and separate response briefs, with no replies. Nevertheless, the court has considered the substance of Defendants' late response because it does not alter the court's conclusion.

the *Smith* factors also weigh against reopening discovery for this purpose. The court grants Kone's motion to strike Fulcher and Dempsey from Defendants' supplemental Rule 26(a) disclosures because Defendants' have not established that their failure to timely disclose Fulcher and Dempsey was substantially justified or harmless.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Take Depositions Out of Time (ECF 59) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF 60) is granted.

**IT IS SO ORDERED.**

Dated March 31, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge